UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Robert E. Zwiefelhofer

                    **Plaintiff**        **COMPLAINT**

v.

Petersen Resources, LLC         Case No. 14 CV 589

                    **Defendant.**

Plaintiff, Robert E. Zwiefelhofer, by his attorneys, Bakke Norman, S.C., by Peter M. Reinhardt, states and complains of Defendant, Petersen Resources, LLC, as follows:

### PARTIES TO THE ACTION

1. Plaintiff, Robert E. Zwiefelhofer, is an adult individual and resides at N999 Mack Lane Rd., Trego, WI 54888.

2. Defendant, Petersen Resources, LLC, is a foreign limited liability company with its principal place of business located at 421 Wheeler Ave., Fredonia, Wisconsin. Its registered agent is Philip L. Lundman.

3. Defendant, Petersen Resources, LLC, is in the business of selling and servicing plumbing equipment, including for residential and commercial septic systems.

4. Defendant, Petersen Resources, LLC, is an employer as that term is defined at 29 U.S.C. § 203.

1

## NATURE OF ACTION

5. Plaintiff, Robert E. Zwiefelhofer, claims the Defendant, Petersen Resources, LLC, failed to pay overtime wages for work performed by Plaintiff, all in violation of 29 U.S.C. § 207 and 29 C.F.R. § 778.107.

## JURISDICTION AND VENUE

6. Jurisdiction in this court is proper as this case presents a federal question and controversy. Venue in the Western District of Wisconsin is appropriate because the conduct giving rise to Plaintiff's claim occurred in this district.

## GENERAL ALLEGATIONS

7. Plaintiff Zwiefelhofer began his employment with Defendant in 2007 as a service technician. From 2007 through the time he voluntarily resigned his employment with Defendant in 2014, Plaintiff continued to be employed as a service technician.

8. Throughout his employment with Defendant, Plaintiff Zwiefelhofer's duties and responsibilities involved providing service assistance, often on site, for Defendant's residential and commercial septic system customers in Wisconsin, Minnesota, Illinois, Iowa and the upper peninsula of Michigan. Plaintiff's employment as a service technician often required travel and overnight stays.

9. As a service technician, Plaintiff Zwiefelhofer was directly supervised by Tony Birrittieri. Plaintiff Zwiefelhofer did not supervise or manage any employees of Defendant Petersen Resources, LLC.

10. At all relevant times, Plaintiff Zwiefelhofer was an "employee" as that term is defined in 29 U.S.C. § 203, and Defendant was required to pay Plaintiff overtime pursuant to 29 U.S.C. §207.

11. Plaintiff Zwiefelhofer was not subject to any of the exemptions set forth in 29 U.S.C. §213 and 29 C.F.R. 541.

12. Plaintiff Zwiefelhofer's weekly work hours, for the past three years, frequently exceeded 40 hours.

13. Defendant Petersen Resources, LLC, failed and refused to pay Plaintiff Zwiefelhofer for hours worked in excess of 40 hours per pay period.

14. Defendant's conduct, as described herein, was attended by circumstances of a willful and reckless disregard of Plaintiff's federally protected rights and interests.

15. Defendant's conduct, as described herein, was a "willful violation" of the Fair Labor Standards Act, as that term is used in 29 U.S.C. §255(a).

**FIRST CLAIM FOR RELIEF: VIOLATION OF FLSA, (29 U.S.C. § 207)**

16. Plaintiff realleges and incorporates all previous paragraphs.

17. Defendant violated 29 U.S.C. § 207 and 29 C.F.R. § 778.107 by failing to pay Plaintiff wages for hours worked in excess of 40 hours per week and failing to pay him overtime pay at a rate of 1 ½ times his hourly rate for overtime hours.

18. Plaintiff suffered pecuniary harm and damages as a result of Defendant's violations of 29 U.S.C. § 207 and 29 C.F.R. § 778.107.

19. Defendant's actions were not in good faith and Defendant did not have reasonable grounds for believing that its acts or omissions were not a violation of the Fair Labor Standards Act.

WHEREFORE, Plaintiff Zwiefelhofer respectfully requests the following relief:

A. Back pay at the overtime rate of pay;

B. Liquidated damages;

C. Attorney's fees and costs; and

D. Such other further relief as the Court deems appropriate.

**A JURY TRIAL IS REQUESTED**

Dated: 8/27/14

BAKKE NORMAN, S.C.

By: _____
Peter M. Reinhardt
Attorney No. 1025187
2919 Schneider Avenue, P.O. Box 280
Menomonie, WI 54751
(715) 235-9016
preinhardt@bakkenorman.com
Attorneys for Plaintiff

4